■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEON FOWLER, Appellant. — Judgment unanimously reversed, on the law and facts and in the interest of justice, and a new trial granted. Memorandum: Approximately 11 months after arraignment, defendant conferred with his attorney and was advised that his case would go to trial "soon". Three days later, on April 7, 1977, he kept a scheduled appointment with his attorney but the attorney was unavailable. On the afternoon of April 13, counsel was advised by County Court that defendant's trial was to start the next morning. Counsel tried to locate his client but was unable to do so. Over objection the court proceeded with a scheduled suppression hearing in defendant's absence, and on May 4, defendant's whereabouts still being unknown, the court held that he had waived his right to be present and ordered him tried *in absentia*. Conviction followed and defendant was sentenced to an indeterminate term of imprisonment having a maximum of 25 years. The judgment must be reversed. While a defendant may waive his right to be present at the criminal proceedings against him, the waiver must be a knowing, voluntary and intelligent one *(People v Burts,* 64 AD2d 283; and see *Johnson v Zerbst,* 304 US 458; *People v Aiken,* 45 NY2d 394, 397-398; *People v Epps,* 37 NY2d 343; *United States v Tortora,* 464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063). The evidence in this record does not establish that defendant had actual knowledge that his case was to be moved for trial on May 4 and a waiver may not be inferred from his absence based upon his general knowledge of the obvious fact that trial follows arrest, or even the information given to him April 1, 1977 that his trial would occur "soon." Inasmuch as counsel also objected to the suppression hearing proceeding in the absence of his client, the order denying suppression must also be vacated (see *People v Anderson,* 16 NY2d 282). (Appeal from judgment of Monroe County Court, Bergin, J. — robbery, first degree.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.