■ The People of the State of New York, Respondent, v Dayton Jerome Weathers, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: While a criminal defendant may waive his right to be present at trial, the right is fundamental and of constitutional magnitude, and thus the validity of the waiver must be tested according to constitutional standards (*People v Parker*, 57 NY2d 136, 140; *People v Burts*, 64 AD2d 283, 286-287). "The key issue is whether this defendant, knowingly, voluntarily and intelligently relinquished this known right" (*People v Epps*, 37 NY2d 343, 350, cert den 423 US 999, citing *Johnson v Zerbst*, 304 US 458, 464). Tested by these standards, we hold that defendant's conviction entered after a jury trial *in absentia* must be reversed and a new trial granted. On the record before us we find that the People have failed to establish "that the defendant was advised when proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place" (*United States v Tortora*, 464 F2d

1202, 1209, cert den *sub nom. Santoro v United States,* 409 US 1063). We also find that defendant was not informed of the consequences of his failure to appear, i.e., that the trial would take place in his absence *(People v Parker, supra,* p 141). Even after a court has determined that a defendant has effectively waived his right to be present at trial, trial *in absentia* is not necessarily permissible. The court should explore other reasonable alternatives, including the possibility of locating the absent defendant within a reasonable period of time and should consider rescheduling the trial (see *People v Parker, supra,* p 142). (Resubmission of appeal from judgment of Monroe County Court, Celli, J. — robbery, first degree, and other charges.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.