■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN TORRES, Also Known as MARTIN TORRES, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 22, 1985, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed (see, People v Pellegrino, 60 NY2d 636; People v Harris, 61 NY2d 9; People v Kazepis, 101 AD2d 816). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 19, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court erred in permitting him to be tried in absentia. Nearly two months prior to the commencement of pretrial hearings, and over two months prior to the commencement of the trial, the trial court gave the defendant the following admonition: "I want you to completely understand that if you are not here on the next adjourned date the 27th or whatever date it should happen to be, since you are now notified that that is a trial date, that the trial will commence even if you are not here. Make sure that you are here". In light of this warning, the defendant's disappearance for about two months until his apprehension during the course of the trial constituted a voluntary, knowing, and intelligent waiver of his right to be present at his trial (see, People v Parker, 57 NY2d 136, 137).

Similarly, we reject the defendant's contention that he was denied a fair trial due to unfavorable publicity from a newspaper article concerning his capture by bounty hunters, in light, inter alia, of the determination made by the trial court after questioning the jury that no juror had seen the article or was aware of any media report concerning the case (see, People v Sims, 110 AD2d 214, 224-225).

We have considered the contentions raised by defendant in his pro se brief and find them to be without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.