■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETTE EDMONDS, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 11, 1987, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

In the course of the investigation of a robbery committed at about 7:10 A.M. on November 25, 1986 in the City of Albany, Officer Kenneth Dittmer of the Albany Police Department was advised of the presence of a white Cadillac at the scene at the time of the reported crime. Shortly thereafter, Dittmer observed a white Cadillac parked on a nearby street which a motor vehicle check disclosed carried a license plate that did not belong to the vehicle. Dittmer remained at the scene, observed two men enter the vehicle and called for help. When another officer arrived, the vehicle was seized and the two men exited the vehicle, one of whom approached Dittmer and then fled the scene. He was thereafter apprehended by the officers and identified himself as defendant. When the vehicle was found to be stolen, defendant was charged with possession of stolen property and subsequently indicted for criminal possession of stolen property in the third degree.

On May 15, 1987, defendant was released on bail and admonished by County Court to appear upon 24 hours' notice to his counsel of the court's desire to have him present. He was told that, upon his failure to so appear, "the Court will deem that a waiver of your right to appear at that proceeding and all future proceedings from which you absent yourself and the Court will proceed with that proceeding and any future proceeding from which you absent yourself, the same as though you formally waived your right to appear on the record". The case was set down for trial on August 17, 1987. Defendant failed to appear and his counsel stated that he had sent notices to defendant's last known address, spoken to his grandmother in Albany and attempted to contact defendant through his girlfriend at her residence, all to no avail, and that his present whereabouts were unknown. County Court revoked and forfeited bail and directed the trial to proceed in the absence of defendant. The jury returned a verdict of guilty and this appeal ensued.

The first issue raised by defendant on this appeal is that

County Court erred in trying him in absentia because there was no showing that defendant waived his right to be present, since he was unaware of the actual date for trial, and, in any event, it was an improper exercise of discretion for the court to proceed to trial in the absence of defendant. Initially, we note that although defense counsel failed to object to a trial in absentia, the right to be present at trial is a fundamental right and failure to object does not preclude appellate review *(see, People v Thompson,* 94 AD2d 898, 899).

The Court of Appeals instructs us that "[a] defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const, 6th [Amend]) and the Criminal Procedure Law (CPL 260.20, 340.50)" *(People v Parker,* 57 NY2d 136, 139). This right may be waived but any waiver must be tested by constitutional standards since the right to be present is of a fundamental constitutional nature *(supra,* at 139-140). Thus, it must be shown that a defendant "knowingly, voluntarily and intelligently relinquished his known right" *(supra,* at 140) before a trial in the absence of a defendant may properly be held. At a minimum, this requires that a defendant be informed of the nature of his right to be present and of the consequences of his failure to appear for trial. Thus, a defendant must know that a trial will proceed in his absence *(supra,* at 141). Even when a court determines that a defendant has waived his right to be present at his trial, a trial in absentia is not automatically warranted since the court must exercise its discretion by considering appropriate factors such as the possibility of locating the defendant within a reasonable time and the difficulty of rescheduling along with the possibility of the loss of evidence or witnesses *(supra,* at 142). In fact, "the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial *in absentia* unless, of course, the prosecution can demonstrate that such a course of action would be totally futile" *(supra,* at 142).

In this case, defendant was properly admonished by County Court at his bail hearing of his right to be present and the consequences of failing to appear as set forth in *People v Parker (supra; see also, People v Vasquez,* 127 AD2d 716, *lv denied* 69 NY2d 956). However, it is also clear that while his counsel's office was advised of the trial date, there is no showing that efforts were made to provide defendant with actual knowledge of when the trial was to commence. Since three months elapsed from the date of admonishment at the

bail hearing until the time of the trial, in our view the failure of defendant to keep himself on notice for that period of time should not be considered a waiver of such a fundamental right (see, People v Weathers, 94 AD2d 964; People v Fowler, 83 AD2d 788). Moreover, under these circumstances, County Court was obliged to consider other factors even if it found a waiver to exist, since a trial in absentia is not automatically authorized (see, People v Parker, supra, at 142). Here, there was no indication that the court considered the possibility of locating defendant within a reasonable time or how difficult it might be to reschedule the trial; nor did the court exercise the simple expedient of issuing a bench warrant. Accordingly, there must be a reversal and a new trial.

Other issues raised on this appeal are either without merit or not preserved for our review, except that we note our disapproval of the use of "mug" shots of defendant for identification purposes which were not properly redacted (see, People v Carroll, 61 AD2d 760).

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.