■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DRAPER, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that the trial court improperly tried him in absentia. A defendant has the fundamental constitutional right to be present at trial *(see,* US Const 6th Amend; NY Const, art I, § 6; *People v Parker,* 57 NY2d 136, 139-140). Although that right may be waived, such a waiver must be a knowing, voluntary and intelligent relinquishment of a known

right *(see, People v Epps,* 37 NY2d 343, 350, *cert denied* 423 US 999). There is no direct evidence that defendant was advised of the date of trial and knowingly relinquished his right to be present. The record only indicates that defense counsel had talked to defendant's father, who advised him that he believed defendant's brother had told defendant of the trial date. Since the record fails to establish that defendant was advised of the date of trial, it was error to try the defendant in absentia *(see, People v Gaines,* 144 AD2d 941; *People v Fowler,* 83 AD2d 788; *People v Burts,* 64 AD2d 283).

We have reviewed defendant's remaining contentions and find them either unpreserved or without merit. (Appeal from judgment of Orleans County Court, Miles, J.—perjury, first degree.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.