■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE RIVERS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was tried, in absentia, and convicted of two counts of burglary in the second degree and two counts of grand larceny in the fourth degree. The convictions must be reversed.

A defendant in a criminal case has a fundamental right to be present at all material stages of his trial *(see, People v Mehmedi,* 69 NY2d 759, 760; *People v Ciaccio,* 47 NY2d 431, 436). Any waiver of that right must be voluntary, knowing and intelligent *(People v Smith,* 68 NY2d 725; *People v Parker,* 57 NY2d 136). To effect such waiver, "defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial" *(People v Parker, supra,* at 141). Implicit in

the holding of *Parker* is the requirement that the defendant be informed of the actual date of his trial *(see, People v Sanchez,* 65 NY2d 436, 443). Since there is nothing in this record showing that defendant was notified that his trial would commence on November 28, 1988, County Court erred in conducting the trial in absentia. (Appeal from judgment of Niagara County Court, Hannigan, J.—burglary, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.