■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL DELVALLE, Appellant.—Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 2, 1987, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

Contrary to defendant's claim, the record reveals that County Court properly tried defendant in absentia. At his bail reduction hearing, defendant was informed of both his right to be present at trial and the consequences of his failure to appear *(see, People v Parker,* 57 NY2d 136). Furthermore, the efforts made to provide defendant with actual knowledge of when trial was to commence were adequate. Among other things, a bench warrant was issued, adjournments were given, efforts were made to locate defendant and trial dates were postponed *(cf., People v Edmonds,* 151 AD2d 829). Additionally, although the sentence defendant received on his burglary conviction, 5 to 15 years in prison, was the maximum *(see,* Penal Law § 70.02 [3] [b]), it was within the statutory limits and no extraordinary circumstances warranting a modification in sentence are present here *(see, People v Yarbrough,* 158 AD2d 811, *lv denied* 75 NY2d 971).

Judgment affirmed. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.