■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. ELLIOTT, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Coutant, J.), rendered January 28, 1988 in Broome County, (1) upon a verdict convicting defendant of the crime of burglary in the second degree, and (2) convicting defendant upon his plea of guilty of the crime of bail jumping in the second degree.

Defendant was indicted for burglary in the second degree for an incident allegedly occurring in the City of Binghamton, Broome County, on November 18, 1985. After arraignment, defendant was specifically advised when trial would commence and that it would proceed in his absence. As trial commenced, defendant was not present and the jury was advised that defendant's absence had no bearing on his guilt or innocence. This instruction was repeated before deliberations began. Defendant was convicted as charged and an application to sentence defendant as a second felony offender was made.

Meanwhile, defendant was indicted for bail jumping in the second degree. After defendant was located, he pleaded guilty to the bail jumping charge with the understanding that he would be sentenced as a second felony offender to 1½ to 3 years in prison, which would be consecutive to any sentence on the burglary conviction. On this conviction, defendant was sentenced to 6 to 12 years in prison and the agreed-upon sentence for bail jumping also was imposed. Defendant appeals.

Defendant argues that his rights were violated when he was tried in absentia. We disagree. Considering all the relevant factors (see, People v Parker, 57 NY2d 136, 140-142), we are of the view that there was no error in proceeding with defendant's trial in his absence. Defendant clearly was advised of his right to be present at trial and of the consequences should he not appear (see, People v Edmonds, 151 AD2d 829, 830). Defendant knew when the trial was scheduled, a bench warrant was issued and attempts were made to locate him (see, supra). We also note that the alleged crimes had occurred some two years before trial so that the continued accuracy of the memories of some of the witnesses was a concern (see, supra). With these facts prevailing, we find no merit to defendant's contention (see, People v Delvalle, 167 AD2d 661).

Defendant also argues that his sentence should be modified so that his prison terms run concurrently. Inasmuch as defendant pleaded guilty to the bail jumping charge with full knowledge that that sentence would be consecutive to the

burglary sentence and this is an authorized disposition, we see no reason to modify the sentence (see, People v Haven, 167 AD2d 659).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.