■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANA BADIA-ALMONTE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from her convictions for criminal sale and possession of a controlled substance, defendant's primary contention is that the court erred in trying her in absentia. She argues that she cannot be deemed to have waived her right to be present at trial because, although she repeatedly and clearly was apprised that trial would proceed if she failed to appear *(see, People v Parker,* 57 NY2d 136, 140-141), she was not informed that trial would commence on a specific date *(see, People v Rivers,* 163 AD2d 812, 813). Where, as here, the defendant absconds before a trial date has been set after repeatedly being informed of the *Parker* warnings, "the failure to actually notify defendant of the date that [her] trial was to begin does not constitute a deprivation of [her] right to be present at trial" *(People v Colon,* 180 AD2d 876, 877, citing *People v Delvalle,* 167 AD2d 661, *lv denied* 77 NY2d 837). To hold otherwise would allow a defendant to

thwart the criminal prosecution indefinitely so long as she absconds before a trial date has been set. Insofar as our decision in *People v Rivers (supra)* conflicts with our holding herein, it is no longer to be followed.

Additionally, defendant contends that in executing the sentence previously imposed on defendant in absentia, the court was required to order an updated presentence investigation report. That contention is without merit *(see, People v Tejada,* 171 AD2d 585, 586-587). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.