FIRST DEPARTMENT, MAY, 1994

(May 3, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND HERRING, Appellant. [611 NYS2d 517] —Pursuant to the order of remittitur of the Court of Appeals, dated and entered February 17, 1994 (83 NY2d 780), the judgment of the Supreme Court, Bronx County (Richard Lee Price, J.), rendered May 31, 1990, convicting defendant, after trial by jury held in absentia, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of from 8 to 16 years, is unanimously affirmed.

In the previous appeal in this matter, we reversed defendant's conviction *(People v Herring,* 190 AD2d 505) finding that it was error for the trial court to decline to charge the jury with respect to the defense of agency. The Court of Appeals in a memorandum and order of February 17, 1994, reversed our order, finding that the evidence was insufficient as a matter of law to require such an agency charge *(People v Herring,* 83 NY2d, *supra,* at 782; *but see,* Ciparick, J., joined by Kaye, Ch. J., dissenting, at 783-784). The case was remitted to us for consideration of other issues raised, which were not considered by us.

Initially, we note that defendant's guilt of the sale and possession of controlled substances was proved beyond a reasonable doubt. Undercover officer Sheldon Dixon asked defendant if "he had any nickels". The defendant immediately took the officer to a storefront, asked for and received 20 dollars in pre-recorded buy money after asking the undercover how many vials he wanted. He walked into the storefront and asked for and received four vials of crack in exchange for the

51

money, then returned and gave the officer the four vials. It has been finally determined by the Court of Appeals that there was no reasonable view of the evidence that defendant only served as an agent of the buyer. Therefore, viewing that evidence in the light most favorable to the People, any rational trier of the facts could have found defendant's guilt was proven beyond a reasonable doubt *(see, People v Bleakley,* 69 NY2d 490, 494).

In failing to return to court during the voir dire of jurors, the defendant voluntarily absented himself and forfeited his right to be present during the trial. Before proceeding, the trial court held an in absentia hearing. At that hearing, the People's investigator, a police detective, testified he contacted all the hospitals in the Bronx, checked the New York City morgue and the files and records maintained by the Department of Correction. He also went to the defendant's last known address, the home of defendant's grandmother and knocked on the door with no one responding. Further he called a listed telephone number for that apartment, again with no response. The investigator canvassed the neighborhood around that address and using defendant's photograph, asked approximately seven people, tenants, security guards and the building manager, if they knew of defendant's whereabouts. He received only negative responses. After hearing this testimony, the court adjourned the hearing and directed the investigator to determine whether defendant was in a Manhattan hospital as well as to check the Federal and State correction systems, which the detective did unsuccessfully. Thus, the trial court made a reasonable inquiry to determine whether the defendant's absence was deliberate and placed on the record the facts and reasons relied upon in reaching its determination *(People v Brooks,* 75 NY2d 898, 899).

Defendant's further contention that he was entitled to warnings pursuant to *People v Parker* (57 NY2d 136) is without merit since he absconded after his trial had begun *(see, People v Sanchez,* 65 NY2d 436, 444).

Finally, defendant's claim that he received consecutive terms is erroneous. The terms imposed were concurrent. In addition, in view of defendant's criminal history, the seriousness and circumstances of the instant offense, and the fact that defendant absconded while on trial, we find that the sentence imposed was not harsh or excessive and we, therefore, decline to modify it in the interest of justice. Concur— Murphy, P. J., Carro, Rosenberger and Asch, JJ.