■ The People of the State of New York, Respondent, v Erick Ellis, Appellant. The People of the State of New York, Respondent, v Maxwell Bogle, Appellant. [761 NYS2d 11] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered May 4, 1999, convicting defendant Erick Ellis, after a jury trial, of kidnapping in the first degree, rape in the first degree (three counts), sodomy in the first degree, criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), and assault in the third degree, and sentencing him to an aggregate term of 35 years to life, and judgment, same court and Justice, rendered August 6, 1999, convicting defendant Maxwell Bogle, after a jury trial, of kidnapping in the first degree, rape in the first degree (three counts), sodomy in the first degree (two counts), criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), and assault in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.

Defendant Bogle was properly tried and sentenced in absentia. The record establishes that he forfeited his right to be present because his failure to appear for trial "unambiguously indicate[d] a defiance of the processes of law" (People v Sanchez, 65 NY2d 436, 444 [1985]; see also People v Corley, 67 NY2d 105, 109-110 [1986]).

The court properly denied defendants' challenges for cause to two prospective jurors. The first venireperson stated unequivocally that she could be impartial despite her prior experiences as a crime victim (see People v Chambers, 97 NY2d 417 [2002]),

and the remarks of the second venireperson did not raise a serious doubt about her ability to be impartial (*id.*).

The record does not establish that defendant Ellis was prevented from seeing and hearing any sidebar discussions with prospective jurors that would require his presence (*see People v Maher*, 89 NY2d 318, 325 [1996]).

The rape charges were not duplicitous, either facially or in light of the trial evidence. Each of the four alleged rapes had a separate count, which complied with CPL 200.30 (1) and 200.50 (3) as well as comporting with the trial testimony (*see People v Keindl*, 68 NY2d 410, 417-418 [1986]).

The court properly imposed consecutive sentences for the first degree kidnapping conviction under Penal Law § 135.25 (1) and for the rape and sodomy convictions because the sex offenses were separate acts from the kidnapping, regardless of whether the crimes could be viewed as having a common motive (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640 [1996]; *People v Day*, 73 NY2d 208, 212 [1989]).

We have considered and rejected defendant's remaining claims, including those contained in defendant Ellis's pro se supplemental brief. Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.