THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALVIN MARSHALL, Appellant. [825 NYS2d 773]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 8, 2001, convicting him of attempted murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 20 years to life on the conviction of attempted murder in the second degree to run consecutively with a determinate term of imprisonment of 10 years on the conviction of attempted robbery in the first degree and two concurrent determinate terms of imprisonment of 15 years on the convictions of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the conviction of attempted murder in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The defendant's contention that he could not have waived his right to be present at the pretrial hearing and trial because he did not receive *Parker* warnings (*see People v Parker*, 57 NY2d 136 [1982]) is without merit. While a defendant has the right to be present at all material stages of his trial (*id.*), a defendant who deliberately absents himself from the proceedings forfeits his right to be present (*see People v Sanchez*, 65 NY2d 436, 443-444 [1985]; *People v James*, 19 AD3d 615, 616 [2005]; *People v Brooks*, 308 AD2d 99, 104 [2003]; *People v Ellis*, 305 AD2d 208 [2003]; *People v Logan*, 271 AD2d 549, 550 [2000]; *People v Carbonaro*, 151 AD2d 593 [1989]). On February 13, 2001, the day that the pretrial hearing was scheduled to begin, the defendant failed to appear notwithstanding a telephone conversation

with his counsel earlier that same day during which he was advised of the proceedings. The case was put off until the following day when a *Parker* hearing was held, at which time the defense counsel, inter alia, advised the court that he had told the defendant that the case was starting. The court properly determined that the defendant's absence was knowing and voluntary (*id.*). The court thereafter proceeded with the pretrial hearing but held the trial over for another six days to give the defendant every opportunity to appear. Under these circumstances, the defendant was properly tried and sentenced in absentia as his conduct in absconding shortly before the beginning of trial indicated "a defiance of the processes of law" (*People v Sanchez, supra* at 444; *see Taylor v United States,* 414 US 17 [1973]).

The defendant's contention that the Supreme Court failed to properly adjudicate him a second felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Marino,* 13 AD3d 556 [2004]) and we decline to reach it in the exercise of our interest of justice jurisdiction.

As the People correctly concede, as a second felony offender, the defendant was improperly sentenced to an indeterminate term of imprisonment. Thus, the indeterminate sentence imposed on the conviction of attempted murder in the second degree must be vacated and the matter remitted to the Supreme Court, King County, for resentencing on that count.

The defendant's contention regarding the excessiveness of his sentence on the conviction of attempted murder in the second degree has been rendered academic in light of our determination. The sentences imposed on the remaining counts were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.