■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAYSON PEARSON, Appellant. [893 NYS2d 587]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of evidence (*see People v Romero*, 7 NY3d 633 [2006]).

While the defendant had a right to be present when the trial court gave supplemental instructions to the jury as to, among other things, the elements of the crimes charged (*see* CPL 260.20, 310.30; *People v Ciaccio*, 47 NY2d 431, 436 [1979]; *People v Dini*, 292 AD2d 631, 632 [2002]; *People v Charles*, 176 AD2d 891, 892 [1991]), the defendant forfeited that right by refusing to return to the courtroom when the court officers attempted to escort him there (*see People v Corley*, 67 NY2d 105, 109 [1986]; *People v Sanchez*, 65 NY2d 436, 444 [1985]; *People v Marshall*, 35 AD3d 764, 764-765 [2006]). Contrary to the defendant's contention, the trial court made the appropriate inquiry to determine that the defendant's absence was deliberate, and the reason for that determination is clear from the record (*cf. People v Porter*, 37 AD3d 797 [2007]; *People v Brooks*, 308 AD2d 99, 104 [2003]).

The defendant's contention that the prosecutor improperly obtained his medical records from the Department of Correctional Services cannot be reviewed on direct appeal because it is based upon matter dehors the record (*see People v Ramos*, 61 AD3d 783, 784 [2009]; *People v Purdie*, 50 AD3d 1065 [2008]). The defendant contends that the prosecutor's use of the subject medical records during his cross-examination of the defendant was improper since it violated his physician-patient privilege.

Any error in permitting the prosecutor to use the medical records was harmless because the evidence of the defendant's guilt was overwhelming and there is no significant probability that, had it not been for the alleged error, the jury would have acquitted the defendant (*see People v Jackson*, 8 NY3d 869, 871 [2007]; *People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.