OPINION OF THE COURT
Steven L. Bajrrett, J.
On December 6, 2012, the police executed a search warrant and recovered a loaded firearm from defendant’s bedroom. Defendant was arrested and charged with criminal possession of a weapon in the fourth degree and related charges. On March 18, 2013, defendant was indicted and charged with criminal possession of a weapon in the second degree and related charges based on the recovery of said firearm. On March 13, 2014, after several proffer sessions with law enforcement, defendant signed a cooperation agreement and pleaded guilty before this court to one count of criminal possession of a weapon in the second degree. As a second felony offender, defendant was promised a maximum determinate term of imprisonment within the range of 5 to 15 years. Defendant was also promised, upon recommendation of the District Attorney, the possibility of a much reduced sentence if he fully cooperated with law enforcement. The case, thereafter, was calendared on May 22, 2014, July 16, 2014, and September 8, 2014, and on each of these court dates defendant appeared with counsel and the Assistant District Attorney reported to the court that defendant had not been cooperating to the satisfaction of law enforcement. On September 8, 2014, according to Assistant District Attorney Maureen Grosdidier, defendant was informed that if he did not “start producing,” the People would request that he be sentenced on the next scheduled court date (Oct. 10, 2014) and that the People would recommend to the court a determinate sentence of 10 years’ incarceration. On October 10, 2014, defendant failed to appear in court and a bench warrant was issued. Between October 10, 2014 and April 15, 2015, on each of the six occasions that the case appeared on the court’s calendar, defendant failed to *1101 appear in court. Having failed to appear and having not been returned on the bench warrant, on April 15, 2015, the People moved to have defendant sentenced in absentia. The court then commenced a Parker hearing to determine what efforts were made by law enforcement to locate defendant, and also heard evidence with respect to what efforts were made by defendant to fulfill the terms of the cooperation agreement. For the following reasons, the People’s motion is granted and the court will proceed to sentence defendant in absentia.
Initially, forfeiture analysis rather than waiver analysis is the appropriate analytical framework to utilize in determining whether to sentence a defendant in absentia. In People v Parker (57 NY2d 136, 140 [1982]), in the context of trial in absentia, the Court explicitly rejected the application of forfeiture analysis and held that constitutional waiver analysis was required where defendant had failed to appear for trial and trial had not yet commenced. Because waiver of a right results from a knowing, voluntary and intelligent decision, Parker requires that a defendant be expressly warned that a trial would proceed in his or her absence if he or she fails to appear for trial on the assigned date for trial. (Id. at 140.) However, in People v Sanchez (65 NY2d 436 [1985]), the Court clarified its ruling in Parker, and utilized forfeiture analysis in reaching the conclusion that defendants who had absconded during the course of their trial or had failed to appear knowing that the trial was about to begin had forfeited their right to be present at trial. The Court reasoned that forfeiture occurs by operation of law and is based on objective facts and circumstances without regard to a defendant’s actual state of mind as to the existence of an express allocution regarding the possibility of trial in absentia. Thus, for this class of defendants, trial courts could proceed in their absence regardless of whether these defendants were explicitly warned of the consequences of failing to appear for trial. (Id. at 443 n.) In addition, in Sanchez, the Court held that by deliberately absenting himself from his trial, defendant had also forfeited his right to be present at sentencing. (Id. at 444.) Finally, in the last case in this trilogy, People v Corley (67 NY2d 105 [1986]), the Court again applied forfeiture analysis in the context of sentencing a defendant in absentia. The Court reasoned that by absconding to frustrate proceedings in connection with sentencing, a defendant has *1102 unambiguously indicated a defiance of the processes of law sufficient to effect a forfeiture.[2] (Id. at 109, 110.)
Here, the objective facts and circumstances clearly establish that defendant forfeited his right to be present at sentencing by deliberately absenting himself from court for the purpose of frustrating the imposition of sentence by the court. Moreover, the record of these proceedings also establishes that sentencing here is authorized even under the more stringent waiver analysis. On March 13, 2014, just prior to the entry of defendant’s guilty plea, defendant, counsel for defendant, and the Assistant District Attorney each signed the cooperation agreement. (See tr of plea proceeding at 3.) The written cooperation agreement expressly states that “defendant agrees to attend all future court appearances on this matter, not to abscond, and agrees that he may be sentenced on this matter without being present if he fails to come back to court” (emphasis supplied). At the outset of the plea proceedings, defendant acknowledged that the plea was being offered in conjunction with the cooperation agreement and the court asked whether both parties had agreed to all the terms of the agreement. (Tr at 3, 4.) The court then explained in detail to defendant the promises being made, the consequences of his plea, the risks he would be facing, the rights he was waiving and his obligations under the agreement. In explaining defendant’s obligations under the agreement, the court specifically warned defendant, “You may not disappear, you may not abscond, you may not lose contact with your handlers, you may not get rearrested.” (Tr at 11.) Immediately after this explanation, the court asked defendant if he had any questions regarding his obligations under the agreement. Defendant responded, “No sir.” (Tr at 11.) Defendant then acknowledged his guilt to criminal possession of a weapon in the second degree, and then after admitting his guilt, was again asked by the court if he understood everything that was said to him by the court and *1103 specifically whether he understood everything the court said to him regarding the cooperation agreement. Defendant responded in the affirmative to both questions. Thus, when the cooperation agreement and plea allocution are viewed together, it is clear from the record that defendant would have been aware that sentencing would proceed in his absence if he failed to appear in court when scheduled to do so, in that he was expressly and adequately warned of this consequence.®
Notwithstanding the fact that defendant was warned of the consequences of absconding, the court chose to wait over six months to commence the instant hearing, in order to accord the defendant every opportunity to reverse his forfeiture and to appear for sentencing. In those six months, defendant failed to appear or contact his attorney. During this period, notwithstanding diligent efforts, the People were unable to locate defendant. Those efforts included: visiting defendant’s last known addresses in New York; checking the morgue, the New York City Department of Correction database, and various hospitals in New York City; and contacting authorities in North Carolina where it was believed defendant might be residing. These efforts more than satisfied the People’s burden pursuant to Parker. (See People v Arellano, 291 AD2d 329 [1st Dept 2002]; People v Herring, 204 AD2d 51 [1st Dept 1994].)
Under all the facts and circumstances present here, including defendant’s criminal history,[3]
[4] it is unambiguous that defendant has deliberately absented himself from court in order to frustrate the sentencing process. Moreover, defendant was adequately warned that he would be sentenced in absentia if he absconded. Thus, defendant has both forfeited and waived his right to be present when the court imposes sentence. *1104 Accordingly, the People’s motion to have defendant sentenced in absentia is granted.[5]

. Curiously, the Third and Fourth Departments have elected to apparently ignore Corley and have applied waiver analysis in the context of sentencing in absentia. (See People v Carter, 51 AD3d 1139 [3d Dept 2008]; People v Syrell, 42 AD3d 947 [4th Dept 2007].) However, since the Court of Appeals has spoken clearly on this issue and the First Department has followed suit (see People v Ellis, 305 AD2d 208 [1st Dept 2003]), the court declines defendant’s invitation to follow the Third and Fourth Departments. In any event, even if the court were to apply waiver analysis, the result would be the same as the record (detailed below) establishes that defendant was expressly warned that if he absconded he would be sentenced in absentia.

. Though defendant was adequately warned of the consequences of absconding, and it is better practice to do so, under forfeiture analysis such warning is not required so long as defendant is made aware that sentencing could be imminent. (See People v Corley; People v Ellis; People v Scott, 188 AD2d 626 [2d Dept 1992]; People v Bruner, 186 AD2d 997 [4th Dept 1992]; People v Weinberg, 183 AD2d 932 [2d Dept 1992].)

. According to defendant’s rap sheet, on October 4, 2002, defendant pleaded guilty to criminal possession of a weapon in the third degree. Prior to sentencing, on December 16, 2002, a bench warrant was issued. Defendant was not returned on the warrant until May 11, 2005, and, on June 3, 2005, a five-year determinate sentence was imposed. Thus, this is not the first instance where defendant has attempted to frustrate the sentencing process.

. Although the court was under no obligation to do so, the court heard evidence with respect to defendant’s lack of cooperation and will consider such evidence as well as any additional information provided by either party prior to sentencing. (See People v Doe, 45 Misc 3d 1204[A], 2014 NY Slip Op 51451[U] [Sup Ct, Bronx County 2014] [when defendant absconds after entering a cooperation agreement, there is no obligation to hold an evidentiary hearing with respect to a defendant’s cooperation].)