*138 OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether a finding that a criminal defendant has received actual notice of the date for trial and has nonetheless voluntarily failed to appear is sufficient, as a matter of law, to permit the court to proceed to try the defendant in absentia. The courts below held this finding sufficient to establish an implicit relinquishment of a defendant’s right to be present at trial. We disagree and reverse.
In February, 1977 defendant was indicted for two counts of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1). On Tuesday, July 5, 1977, the trial court notified defense counsel that defendant’s case was scheduled for trial on Friday, July 8, 1977. Defense counsel immediately contacted defendant by telephone to notify her of the trial date. She replied that she was seriously ill, that she might not be able to appear for trial, and that she was too ill to meet with counsel prior to the trial date.
Defendant did not appear for trial on July 8. After being informed of defendant’s illness by defense counsel, the court adjourned the matter until Monday, July 11. Defendant failed to appear on that day and defense counsel indicated that he had neither heard from nor been successful in locating defendant during the adjournment.
The trial court then conducted a hearing to determine defendant’s whereabouts. The prosecutor called Jeanette Harris, who had known defendant for 10 years and who posted bail for her. Mrs. Harris testified, on direct examination, that she spoke with defendant on June 25,1977, at which time defendant indicated an intention to leave town. Mrs. Harris also stated that defendant never mentioned that she was ill. On cross-examination, Mrs. Harris stated that about one month before the hearing defendant’s sister told defendant to leave town but that defendant responded by saying she would not flee. She testified that her son, James Harris, told her defendant was “out in the street”.
After Mrs. Harris testified, defense counsel told the court that defendant never told him she was planning to leave *139 the jurisdiction. The court found that defendant’s absence was voluntary and that she had voluntarily waived her right to be present at trial. Pursuant to court order and over defense counsel’s objection, defendant was tried in absentia. No effort was made to secure the presence of the defendant through the use of a bench warrant.
At trial Officer Ruffin, of the Drug Enforcement Administration (DEA) Task Force of Monroe County, testified to purchasing cocaine and morphine from defendant. Two other DEA officers, who were observing Ruffin’s vehicle from a distance of 60 feet at the time of the sale identified defendant as the individual who entered the vehicle when the transaction occurred. At the close of the People’s case defense counsel called no witnesses but indicated that he would have called defendant had she not been tried in absentia, and that she would have rendered an exculpatory explanation of the transaction.
The jury returned a verdict finding defendant guilty on both counts of criminal sale of a controlled substance in the third degree. She was sentenced in absentia to an indeterminate term of two years to life in prison on each count, to run concurrently.
The Appellate Division affirmed the judgment of conviction, without opinion. We conclude that the trial court’s factual finding of voluntary absence from court on the day scheduled for her appearance is alone insufficient as a matter of law to establish an implicit waiver of defendant’s right to be present at trial so as to permit the court to try defendant in absentia.
A defendant’s right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const, 6th Amdt) and the Criminal Procedure Law (CPL 260.20, 340.50). Of course the right to be present may, as a general matter, be waived under both Constitutions (Diaz v United States, 223 US 442; People v Byrnes, 33 NY2d 343).
More specifically, we have recently held that a waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant after the trial has commenced. Thus in People v Epps (37 NY2d 343, *140 cert den 423 US 999), we held that defendant waived his right to be present when, after attending his trial for the first two days, he refused to leave his cell and attend further proceedings as part of his participation in an inmate boycott of the courts. We noted that prison personnel had repeatedly warned the defendant of the consequences of his refusal to leave his cell. Similarly, in People v Johnson (37 NY2d 778), we held that the defendant’s behavior in disrupting trial proceedings and his repeated requests to leave the courtroom, along with the court’s explanation of the consequence that the trial would proceed without him, were sufficient to waive the defendant’s right to be present at the trial (see, also, Taylor v United States, 414 US 17).
Although the right to be present at a criminal trial may be waived, the right is of a fundamental constitutional nature and therefore the validity of any waiver including one which could be implied, must be tested according to constitutional standards. Thus, in People v Epps (37 NY2d, supra, at p 350) we noted that the key issue was whether this defendant knowingly, voluntarily and intelligently relinquished his known right (Johnson v Zerbst, 304 US 458, 464).
The People argue that a forfeiture rather than a waiver analysis should be applied in the trial in absentia context when the trial is commenced in defendant’s absence. It is true that the forfeiture of a right may occur even though a defendant never made an informed, deliberate decision to relinquish that right. While waiver requires a knowing, voluntary and intelligent decision, which may be either express or implied, forfeiture occurs by operation of law without regard to defendant’s state of mind (see, generally, Westen, Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure, 75 Mich L Rev 1214). The People argue that forfeiture of the right to be present at trial occurs as a matter of law whenever defendant knows of the court date and nonetheless voluntarily fails to appear.
We reject this contention and conclude that Epps and Johnson (supra), require the application of a constitutional waiver analysis to the facts now before us. In Epps and *141 Johnson the defendants were present when trial commenced and were warned of the consequences of their conduct. In each of those cases the defendant’s conduct represented a clear expression of a desire not to be present at trial under any circumstances and therefore it would be inaccurate to say that the defendants in those cases renounced their right to be present. In those cases we required a voluntary, knowing and intelligent waiver of the right to be present at trial. In the case before us, considering the defendant’s knowledge at the time of her disappearance, there is no less reason for applying a waiver analysis. Certainly the mere fact of her disappearance presents a far more ambiguous situation than was present in Epps or Johnson for it does not appear that she was advised at any time by anyone that if she did not appear in court on the scheduled date the trial would proceed without her.
In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences ,of failing to appear for trial (see Schneckloth v Bustamonte, 412 US 218, 243-244; Brady v United States, 397 US 742, 748). This, of course, in turn requires that defendant simply be aware that trial will proceed even though he or she fails to appear. As noted above, the defendants in Epps and Johnson were both expressly told that trial would proceed in their absence.
As we have previously noted, the record before us is devoid of any evidence indicating that defendant was ever apprised or otherwise aware that her trial would proceed in her absence. Defendant told her counsel that she might not be able to appear for trial due to illness and the trial court, after a hearing, determined that she had notice of a day certain for her scheduled appearance and deliberately failed to appear. However, the court made no finding regarding whether defendant was aware that the consequence of her absence would be that her trial would proceed without her being present.
Moreover, nothing in the record provides a basis for implying a waiver as a matter of law from the circumstances. In Taylor v United States (414 US, supra, at p 20) *142 the defendant absented himself voluntarily after attending the opening of his trial. The Supreme Court implied a waiver from that conduct as a matter of law, stating: “It seems equally incredible to us, as it did to the Court of Appeals, ‘that a defendant who flees from a courtroom in the midst of a trial — where judge, jury, witnesses, and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence’ ” (citation omitted). A similar waiver was implied from mere voluntary failure to appear for trial in the multiple defendant case of United States v Tortora (464 F2d 1202, cert den sub nom. Santoro v United States, 409 US 1063). No similar circumstances are presented in the case at bar.
We consider it appropriate to emphasize that even after the court has determined that a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized. Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear (see United States v Peterson, 524 F2d 167). In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial in absentia unless, of course, the prosecution can demonstrate that such a course of action would be totally futile.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted for a new trial.
Chief Judge Cooke and Judges Jasen, Jones, Fuchs-berg and Meyer concur; Judge Gabrielli taking no part.
Order reversed and a new trial ordered.