■ The People of the State of New York, Respondent, v Herschel L. Smith, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Genesee County Court, Morton, J.—criminal possession of weapon, fourth degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.

■ The People of the State of New York, Respondent, v Robert E. Smith, Appellant.—Judgment unanimously affirmed. Memorandum: On his arraignment on charges that he had violated his probation, defendant was informed that he had a right to a hearing, that he was required to be present for the hearing and that, if he were not there, the hearing would take place without him, in which case he would lose the opportunity to assist in his defense and to confront the witnesses called to testify against him. Defendant indicated that he understood. Defendant appeared on the adjourned date but the People were not ready to proceed and the case was once more adjourned. On the next adjourned date defendant did not appear. Defense counsel called defendant's home that morning, and someone at that location said she would give him the message "if he showed up". The hearing was held in absentia and defendant was found guilty of violating the conditions of his probation. Defendant was subsequently arrested on a bench warrant. No excuse was ever offered for his failure to appear on the date of the hearing. Defendant was sentenced to a term of 1 to 3 years. He now appeals on the ground that his constitutional rights were violated because the hearing was conducted in his absence.

Pursuant to the teaching of *People v Parker* (57 NY2d 136, 140), we must decide first "whether this defendant knowingly,

voluntarily and intelligently relinquished his known right" to be present at his hearing. In order to find that defendant made an intelligent waiver of his presence, we must determine whether he was informed that the hearing would proceed even though he failed to appear. Secondly, we must consider whether the trial court properly exercised its discretion to determine whether it would be possible to locate defendant within a reasonable time. At the time of his arraignment, defendant was clearly warned that his failure to appear would result in the hearing proceeding without him. Defendant indicated that he understood. Although the court did not repeat that warning on the next adjourned date, it is not necessary to inform a defendant of his rights repeatedly *(cf., People v Crosby,* 91 AD2d 20, 29). With respect to the second point, whether other alternatives were available to the trial court, the record indicates that it would have been unavailing for the court to grant a short adjournment. Defendant's whereabouts were not known to the person at the address which defendant had given to the court and to counsel and that person did not seem to know when he would return. When defendant was picked up on a bench warrant, he offered no explanation for his absence and thus it seems unlikely that an adjournment would have resulted in his appearance. The court therefore did not err in proceeding with the hearing in defendant's absence. (Appeal from judgment of Monroe County Court, Egan, J.—violation of probation.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.