process (*see, Polk v Kramarsky,* 711 F2d 505, 509, *cert denied* 464 US 1000).

Plaintiffs offered no evidence that the Division's regulations were in violation of the State Administrative Procedure Act or inconsistent with the Human Rights Law. To the contrary, the regulations cited by plaintiffs in their complaint are "suitable rules and regulations to carry out the provisions" of Executive Law § 297 (Executive Law § 295 [5]).

In light of the above, we exercise our authority to search the record and grant summary judgment to defendants dismissing the complaint despite the absence of a cross motion (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430; *Czaska v Lenn Lease Ltd.,* 251 AD2d 965, 966). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes and Lawton, JJ. [*See,* 181 Misc 2d 778, 781.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK VIGLIOTTI, Appellant. [715 NYS2d 267] —Judgment unanimously reversed on the facts and indictment dismissed. Memorandum: Defendant was convicted following a jury trial of bail jumping in the first degree (Penal Law § 215.57) as a result of his failure to appear on August 31, 1998, the last day of trial on another charge. Defendant had been given *Parker* warnings (*see, People v Parker,* 57 NY2d 136) and was convicted and sentenced in absentia (*see, People v Vigliotti,* 270 AD2d 904, *lv denied* 95 NY2d 839). The issue at the bail jumping trial was whether defendant knew that his appearance on August 31, 1998, was "required," in light of the numerous times that County Court had instructed him that he had a right to be present at trial but that he could waive that right (*see, People v Parker, supra,* at 141).

The evidence at the bail jumping trial included portions of the transcript of the underlying trial. *Parker* warnings were given on May 1, 1998. On June 5, 1998, defendant was told that "you must be here on August 25 at 10:15 and that's when your trial will start. It will take place without you if you are not here. You will be deemed to have waived your right without prejudice. It's important for you to be present to help your—if you're not here, the trial will take place without you. Do you understand that?" On August 17, 1998, the court twice told defendant that he must be present at 10:30 on August 25th, and then gave *Parker* warnings. Defendant was present on August 25th and the trial commenced. The next day the court also gave *Parker* warnings.

Defendant was late for court on August 28th. The court

stated, "Let's start. He's waived his presence. He is late." The prosecutor stated, "I'm sorry. Can he waive his presence, Judge?" The court responded, "Yes. I instructed him that if he is late for any court session we would go without him." Then the court instructed a deputy to locate defendant and bring him to the courtroom. "Lieutenant, go find [defendant] and tell him to get down here, and if he is late again, I will tell him he is going to be remanded." Defense counsel stated, "Judge, you told him he didn't have to be here. That's not fair." The court asked when it had so informed defendant and defense counsel responded, "You have told him that several times [defendant], if you are late, we're going to go without him. He knows that." The court responded, "I know that. I don't want you to arrest him. I just want you to go find him and tell him that he is keeping us waiting and I want him down here. I want the jury in [the courtroom] in about two minutes."

At the end of the proceedings on Friday, August 28th, the court stated "Thank you. Nothing further. 8:30 Monday." Defendant was not present on Monday, August 31, and an arrest warrant was issued. Defendant was apprehended on October 7, 1998, in Batavia.

The attorney who represented defendant at the underlying trial testified at the bail jumping trial that he had advised his client as follows: "What I told my client was he had a right to be present for the proceeding. He could waive that right by not being present. That's simple. Exactly what was told to me. By not coming to a proceeding, he was simply waiving his right to be present for that proceeding on that occasion. That was his Constitutional right. It was up to him to decide whether or not he wanted to enforce that right; that is, to be present, or to waive that right; that is, not to be present. These were his rights and his rights alone on a Constitutional basis. Very similar to the right to remain silent. By speaking, you waive that right. It is yours to exercise."

The only evidence presented at the bail jumping trial establishing that defendant knew that his presence was required on August 31st was an affirmative answer to the question, "Did you require [defendant] to appear [on August 31st]" by the Judge who presided at the underlying trial (cf., People v White, 115 AD2d 313, 314). Upon our review of the transcripts through August 28th, read into the record at the bail jumping trial, and the testimony of the attorney who represented defendant at the underlying trial, we conclude that the jury failed to give the evidence the weight it should be accorded. Thus, on these unusual facts, we conclude that the verdict should be set

aside as against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The indictment therefore must be dismissed (*see,* CPL 470.20 [5]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Bail Jumping, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.