OPINION OF THE COURT
Dora L. Irizarry, J.
Defendant was charged with a single count of criminal sale *566 of a controlled substance in the third degree, based upon police observations of defendant’s actions in a targeted known drug area, and a jury trial commenced on February 13, 2002.
Defendant was present during jury selection and the presentation of evidence. However, immediately prior to scheduled summations and jury charge, defendant absented himself from the courthouse premises and, in a unique twist, subsequently contacted the court by cellular telephone and advised both that he had boarded a bus headed out of the city and that he would consider returning for the trial proceedings. Thus, this court is required to determine whether defendant, by his actions and by his communication with the court by cellular telephone, effectively waived his right to be present for the balance of the trial proceedings. A defendant’s right to be present at a criminal trial is encompassed within the confrontation clauses of the Federal and State Constitutions, as well as within Criminal Procedure Law § 260.20. However, it is well settled that this right may be waived by a knowing, voluntary and intelligent decision, which may be either express or implied (People v Parker, 57 NY2d 136, 140). Additionally, a forfeiture of this right may occur when a defendant in a criminal trial , “conducts himself in so disorderly and disruptive a manner that his trial cannot be carried on with him in the courtroom” (CPL 260.20).
The key issue in this case is whether defendant, by his actions and words, “knowingly, voluntarily and intelligently relinquished his known right” (People v Parker at 140, citing Johnson v Zerbst, 304 US 458, 464). The pertinent facts follow.
On Wednesday, February 13, 2002, just prior to commencement of jury selection, this court granted defendant’s motion for reinstatement of bail status, based upon defendant’s offer of an acceptable excuse for appearing late for a scheduled calendar call earlier in the day in the Calendar Part. At that time, this court noted that defendant previously had been advised by the judge presiding in the Calendar Part of his right to be present at trial, as well as the circumstances under which that right may be waived, as set forth in People v Parker (supra). In fact, the court file indicated that written notice of the so-called Parker warnings was given to defendant in the Calendar Part. Nevertheless, this court again advised defendant that, although he had the right to be present at trial, and that it would be in his best interest to be present, he could waive that right by his voluntary failure to appear promptly for scheduled trial proceedings, in which case , the trial would proceed in his absence. Defendant acknowledged his under *567 standing of this advice and appeared promptly for scheduled trial proceedings on February 14, 15, 19, 21 and 22 (at which point both the People and the defense rested).
On Friday, February 22, all parties were advised that the charge conference would commence at 10:00 a.m. on Monday, February 25 (to accommodate defense counsel’s scheduled early morning appearance in another court part), and that summations, with jury charge immediately following, would commence at 9:30 a.m. on Tuesday, February 26, to accommodate the weekend recess and a sitting juror’s request for the opportunity to attend an out-of-state funeral service on Monday, February 25. After some discussion as to whether defendant might wish to waive his presence at the charge conference, defendant opted to attend and, in fact, was present throughout the charge conference on Monday, February 25.
When the case was called at approximately 10:00 a.m. on Tuesday, February 26 (immediately following unrelated proceedings in the courtroom), the court noted that, although defendant had been observed by court personnel, just minutes earlier, with his attorney in the corridor outside the courtroom, defendant did not enter the courtroom with his attorney. Upon inquiry, defense counsel informed the court that defendant had told counsel he was going to the men’s room and had assured counsel that he would be right back. Counsel also told the court that he had urged defendant to return to the courtroom as quickly as possible.
At 10:15 a.m., the court noted that defendant had not yet appeared in the courtroom and directed a court officer to search for defendant in the courthouse corridors and restrooms in the area of the courtroom, as well as on the floors immediately above and below the courtroom. In addition, the court directed the officer to check the operability of all access elevators. This search proved to no avail. All access elevators were found to be in good working order.
Mindful of the obligation to test by constitutional standards a waiver of the right to be present conveyed through the conduct of a defendant in a criminal case (see, People v Parker, supra at 141), at approximately 10:45 a.m., the court reviewed the status of the case and the known circumstances regarding defendant’s absence from the courtroom. In this connection, the court noted that, other than for discussion of some preliminary jury charge matters, the case was ready to proceed to summations and that the jurors had been present, with lunch orders taken, as of approximately 9:50 a.m. The court again *568 noted that defendant had been advised repeatedly of his right to be present and that his failure to appear and/or his lateness during the pendency of the trial would result in the trial proceeding in his absence. In addition, the court noted that, up to this point, defendant had opted to attend all trial proceedings, had appeared promptly as scheduled, and, on that morning, had been present outside the courtroom immediately prior to the case being called. Further, the court observed that defendant did not indicate in any way that he was ill or otherwise unable to attend the trial proceedings that had been scheduled for the day.
Based upon all of the above findings, the court concluded that defendant’s actions in leaving the courtroom area just before the scheduled concluding phases of the trial proceedings, with the explanation that he was just going to the men’s room, and his failure to appear in the courtroom after the passage of approximately 45 minutes, clearly demonstrated a choice by defendant to waive his right to be present. However, giving defendant the broadest benefit of any doubt, the court directed a court officer to make still another search of the courthouse facilities abutting the courtroom, ruling that, in the circumstances presented, if defendant was not found or did not appear within an additional 15 minutes, defendant’s actions would constitute an implied waiver of his right to be present, as instructed by the Court of Appeals in People v Parker (supra at 140).
The next development in the matter is unique to this court, and apparently is engendered by the relatively recent gain in popularity of mobile communication devices. At approximately 11:00 a.m., the court received a telephone call from defendant (identified by name and by voice), who was using his cellular telephone. During that telephone call, defendant told the court that he had left the courthouse just prior to the commencement of the scheduled proceedings because he did not feel “comfortable” there. When asked his whereabouts, defendant stated, alternatively, that he was then on a bus which was traveling on an unknown highway leading out of the city, and that the bus had not yet left the city. Defendant acknowledged that he had left the courthouse of his own accord and that he wanted the trial to proceed without him.
The telephone call was then placed on speaker phone so that it could be monitored by the prosecutor and defense counsel and recorded by the official court reporter. Defendant reiterated his initial statements to the court and again was advised *569 that it would be in his best interest to return to the courtroom in a timely fashion for the continuing trial proceedings, failing which the jury could convict defendant, even in his absence, and the People could prosecute defendant for bail jumping, which would carry a consecutive sentence in the event the jury found defendant guilty of the crime charged in the indictment.
Defendant acknowledged his understanding of the court’s advice and then said that he was “going to return.” At that point, defense counsel stated for the record that, during the extended waiting period granted by the court, he had made contact with defendant using his cellular telephone. Counsel had advised defendant, as had the court, of the consequences of his actions and had implored defendant to return to the courtroom for the balance of the trial.
When the court suggested that defendant ask the bus driver where the bus was at this point, defendant responded (contrary to his previous statement) that the bus “didn’t even leave yet.” The court then instructed defendant to get off the bus and he responded that he already had gotten off the bus and was then at 42nd Street and 12th Avenue walking towards the train station to return to the courthouse. Based upon that response, the court told defendant that he should be able to return to the courtroom within 45 minutes and informed defendant that, to accommodate his return, continuation of the trial proceedings would be postponed for approximately an additional hour, until 12:00 noon. The court admonished defendant that, if he did not appear in the courtroom by 12:00 noon, the trial would proceed in his absence. Defendant acknowledged his understanding and responded affirmatively when asked if he was, indeed, coming back. However, when asked specifically if he was going to get on a train and return to the courtroom, there was no response and the court noted that the phone connection had been severed.
Shortly after 12:00 noon, the court noted on the record that defendant had not yet returned to the courtroom. Reiterating the substance of the telephone conversation between defendant and the court that had taken place approximately one hour earlier, the court noted that, if defendant had been sincere in his statement that he would return to the courtroom for the continuing trial proceedings, the return trip by train would have taken no more than 15 minutes and defendant would have arrived at the courtroom well before the 12:00 noon deadline.
Based on the totality of the circumstances presented, it is the opinion and ruling of this court that defendant, after *570 acknowledging his understanding of repeated advice that he had a right to be present at trial and that the trial would proceed even though he failed to appear, implicitly and explicitly expressed a choice not to be present, through both conduct and word, thereby effecting a knowing, voluntary and intelligent waiver of that right (see, People v Parker, supra at 141-142).
Affording due consideration to the circumstances that the evidence has been closed in this case and only summations and jury charge remain, as well as defendant’s palpable evasiveness and disingenuous promise to return to the courtroom, there appears to be no probability that any efforts to locate defendant for return to the courtroom within a reasonable period of time would prove fruitful. Thus, as instructed by the Court of Appeals in People v Parker (supra at 142), in the exercise of this court’s discretion, the trial will proceed in defendant’s absence.