◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JAMES, Appellant. [796 NYS2d 543]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 1, 1999, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in trying the defendant in absentia. The record reveals that the defendant was informed of his right to be present at trial as well as the consequences of failing to appear in accordance with *People v Parker* (57 NY2d 136, 140 [1982]). The defendant appeared in court on the morning that the case was sent to the trial part for a suppression hearing and trial, but he absconded before the afternoon session began. Contrary to the defendant's contention, the People established at the *Parker* hearing (*see People v Parker, supra*) that they made reasonable efforts to locate him before the Supreme Court proceeded in his absence. In fact, the defendant was not located until he was arrested on

an unrelated homicide two years after the verdict was delivered in this case. Under the circumstances, the defendant waived his right to be present at his trial (*see People v Parker, supra*), and, in any event, forfeited that right by absconding shortly before the trial began (*see People v Sanchez*, 65 NY2d 436, 444 [1985]; *People v Carbonaro*, 151 AD2d 593 [1989]). Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.