The People of the State of New York, Respondent,
against
Maxine J. Palmer, Appellant.




Maxine J. Palmer, appellant pro se.
Office of the Greenburgh Town Attorney (Timothy W. Lewis of counsel), for respondent (no brief filed).

Appeal from two judgments of the Justice Court of the Town of Greenburgh, Westchester County (Arlene A. Gordon-Oliver, J.), rendered August 21, 2017. The judgments convicted defendant, after a nonjury trial, of driving to the left of pavement markings and failure to signal, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, the fines and surcharges, if paid, are remitted, and the matters are remitted to the Justice Court for a new trial.
In two simplified traffic informations, defendant was charged with driving to the left of pavement markings (Vehicle and Traffic Law § 1126 [a]) and failure to signal (Vehicle and Traffic Law § 1163 [d]), respectively. After pleading not guilty and requesting a trial, defendant signed a Parker admonishment (see People v Parker, 57 NY2d 136 [1982]), which informed her, among other things, that if she failed to appear in court, the trial would proceed in her absence. Seven months later, when the cases were called for trial, defendant was not present and, after a brief trial was conducted in defendant's absence, the court convicted her as charged and imposed sentences.
"A defendant's right to be present in the courtroom during his or her trial is one of the most basic rights guaranteed by the Federal and New York Constitutions, and by statute" (People v June, 116 AD3d 1094, 1095 [2014] [internal quotation marks omitted]; see US Const 6th Amend; NY Const, art I, § 6; CPL 260.20, 340.50). Even where, as here, "a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized" (People v Parker, 57 NY2d at 142; see People v Baynes, 162 AD3d 897 [2018]; People v June, 116 AD3d at 1095). "Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling [the] trial and the chance that evidence will be lost or witnesses will disappear" (People v Parker, 57 NY2d at 142). Before holding a trial in absentia, "the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding. The failure to conduct such an inquiry constitutes reversible error" (People v Amato, 172 AD2d 545, 545 [1991]).
Here, "the record fails to demonstrate that [the Justice Court] considered any of the appropriate factors" (People v June, 116 AD3d at 1095). When defendant failed to appear on the morning that the trial was scheduled to commence, the court pronounced its decision to proceed immediately to trial, noting only that defendant had signed a Parker admonishment. There is no indication that the court considered the possibility that defendant could be located within a reasonable period of time. Under these circumstances, it was error for the court to proceed with defendant's trial in her absence (see People v Parker, 57 NY2d 136; People v June, 116 AD3d 1094).
Accordingly, the judgments of conviction are reversed and the matters are remitted to the Justice Court for a new trial.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 04, 2019