The People of the State of New York, Respondent,
against
Dave Lobato, Appellant.




Dave Lobato, appellant pro se.
Greenburgh Town Attorney's Office (Timothy W. Lewis of counsel), for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Greenburgh, Westchester County (Delores Scott Brathwaite, J.), rendered October 30, 2017. The judgment convicted defendant, after a nonjury trial, of failing to obey a traffic-control device, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the fine and surcharge, if paid, are remitted, and the matter is remitted to the Justice Court for a new trial.
Defendant was charged with failing to obey a traffic-control device. On February 1, 2017, the matter was adjourned for trial and defendant signed a Parker admonishment (see People v Parker, 57 NY2d 136 [1982]), which informed defendant, among other things, that, if he failed to appear in court, the trial would proceed in his absence. On October 30, 2017, defendant did not appear and the Justice Court stated that it "will proceed with the inquest." After a brief trial was conducted in defendant's absence, the court convicted defendant of the charge and imposed sentence.
"A defendant's right to be present in the courtroom during his or her trial is one of the [*2]most basic rights guaranteed by the Federal and New York Constitutions, and by statute" (People v June, 116 AD3d 1094, 1095 [2014] [internal quotation marks omitted]; see US Const 6th Amend; NY Const, art I, § 6; CPL 260.20, 340.50). Even where, as here, "a defendant has waived the right to be present at trial by not appearing after being apprised of the right and the consequences of nonappearance, trial in absentia is not thereby automatically authorized" (People v Parker, 57 NY2d at 142; see People v Baynes, 162 AD3d 897 [2018]; People v June, 116 AD3d at 1095). "Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling [the] trial and the chance that evidence will be lost or witnesses will disappear" (People v Parker, 57 NY2d at 142). Before holding a trial in absentia, "the court has an obligation to inquire into the surrounding circumstances to determine if the defendant's absence is deliberate and to recite on the record the reasons for its finding. The failure to conduct such an inquiry constitutes reversible error" (People v Amato, 172 AD2d 545, 545 [1991]).
Here, "the record fails to demonstrate that [the Justice Court] considered any of the appropriate factors" (People v June, 116 AD3d at 1095). The court simply noted that defendant was not present and that he "was given the Parker Warning, he did sign them, and was advised that he must be here." The court then stated that it would "proceed with the inquest." There is no indication that the court considered the possibility that defendant could be located within a reasonable period of time (see People v Parker, 57 NY2d at 142; People v June, 116 AD3d at 1096). We note that defendant "had timely appeared for every prior court proceeding" (People v June, 116 AD3d at 1096). In fact, the record indicates that defendant appeared in court on October 30th after the trial had already been held in his absence. Under these circumstances, it was error for the court to proceed with defendant's trial in his absence (see People v Parker, 57 NY2d 136; People v June, 116 AD3d 1094).
We further note that, in indicating it was proceeding with "an inquest," the Justice Court may well have applied the much lower burden of proof involved in an inquest than a finding of guilt beyond a reasonable doubt which is required in the instant criminal case.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the Justice Court for a new trial.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 04, 2019