The People of the State of New York, Respondent,
against
Philip Cole, Appellant.




Philip Cole, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Lewis Silverman, J.H.O.), rendered July 31, 2017. The judgments convicted defendant, after an "inquest," of operating an uninspected motor vehicle and operating an unregistered motor vehicle, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, the fines, if paid, are remitted, and the matters are remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new trial.
Defendant was charged in separate simplified traffic informations with operating an uninspected motor vehicle (Vehicle and Traffic Law § 306 [b]) and operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), respectively. On July 31, 2017, after defendant had conferenced these matters with the prosecuting attorney, defendant failed to appear for trial. As a result, proceedings were held in the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, following which the court found defendant guilty as charged. Fines were assessed in the amount of $100, plus a $105 administrative fee and an $88 surcharge, for violating Vehicle and Traffic Law § 306 (b), and in the amount of $300, plus a $55 administrative fee and an $88 surcharge, for violating Vehicle and Traffic Law § 401 (1) (a).
The court's return, by which this court is bound (see People v Prior, 4 NY2d 70, 73 [1958]), was filed in response to defendant's affidavit of errors and states that, according to the prosecutor's representations made to the court on July 31, 2017, the date that the trial was scheduled to be held, defendant had informed the prosecutor that he was leaving the courthouse shortly before the trial commenced, whereupon the prosecutor had advised defendant that a [*2]"default" would be taken against him if he left. The return further notes that, based upon the representations made by the prosecutor, the court determined that defendant had deliberately absented himself from the trial and directed the prosecutor to proceed to what the court described as an "inquest." At the "inquest," testimony was taken from a police officer pertaining to defendant's alleged commission of the Vehicle and Traffic Law violations and, "[a]t the conclusion of the inquest the court found defendant guilty of violating Vehicle and Traffic Law §§ 306 (b) and 401 (1) (a)." The court did not indicate in its return by what standard of proof it had determined defendant's guilt, i.e., beyond a reasonable doubt or the standard used at inquests taken on default in a civil action; rather, the court merely stated that it had assessed appropriate fines for the violations. The court further noted in its return that defendant had never moved to vacate his "default." 
In limited instances, Vehicle and Traffic Law § 1806-a (1) permits a court to "enter a plea of guilty on behalf of the defendant and render a default judgment of a fine," which judgment is considered to be civil in nature, when a person charged with a traffic infraction does not answer the summons within the time specified. More specifically, Vehicle and Traffic Law § 1806-a (1), entitled "Default judgment in cases of failure to answer," provides:
"In the event a person charged with a traffic infraction does not answer within the time specified, the court having jurisdiction, other than a court in a city over one million population may, in addition to any other action authorized by law, enter a plea of guilty on behalf of the defendant and render a default judgment of a fine determined by the court within the amount authorized by law. Any judgment entered pursuant to default shall be civil in nature, but shall be treated as a conviction for the purposes of this section. However, at least thirty days after the expiration of the original date prescribed for entering a plea and before a plea of guilty and a default judgment may be rendered, the traffic violations bureau or, if there be none, the clerk of the court, shall notify the defendant by certified mail: (a) of the violation charged; (b) of the impending plea of guilty and default judgment; (c) that such judgment will be filed with the county clerk of the county in which the operator or registrant is located, and (d) that a default or plea of guilty may be avoided by entering a plea or making an appearance within thirty days of the sending of such notice. Pleas entered within that period shall be in a manner prescribed in the notice. In no case shall a default judgment and plea of guilty be rendered more than two years after the expiration of the time prescribed for originally entering a plea. When a person has entered a plea of not guilty and has demanded a hearing, no fine or penalty shall be imposed for any reason, prior to the holding of the hearing which shall be scheduled by the court of such city, village or town within thirty days of such demand" (emphasis added).
However, Vehicle and Traffic Law § 1806-a (1) does not authorize the entry of a default judgment against defendant here since he pleaded not guilty and answered the summonses by appearing in court numerous times and conferencing the matters with the prosecutor (see People v Hernandez, 62 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). We note that, even if the entry of a default judgment had been authorized, the court failed to follow the requisite procedures, as it did not enter a plea of guilty on defendant's behalf (see Vehicle and Traffic Law § 1806-a [1]). Instead, as indicated in its return, the court held an "inquest" in [*3]defendant's absence, without any basis therefor. Rather, under the circumstances presented, the court could have conducted a trial in absentia (not an "inquest"), but only after defendant had been given the requisite Parker warnings (see People v Parker, 57 NY2d 136 [1982]). However, nowhere in the court's return did it state that a trial in absentia had been conducted. 
We note in passing that even if it could be argued, as the People do, that a trial in absentia was the type of proceeding that had been conducted here (notwithstanding the court's description of it as an "inquest"), which requires a finding of guilt beyond a reasonable doubt (rather than the much lower burden of proof at an inquest), in order to effect a voluntary, knowing, and intelligent waiver of the constitutional right to be present at a criminal trial, a defendant must, at a minimum, be informed in some manner of the nature of that right and the consequences of failing to appear for trial (see Taylor v United States, 414 US 17 [1973]; Parker, 57 NY2d at 141). This, in turn, requires that the defendant be made aware that a trial will proceed in his absence even if he fails to appear (see Parker, 57 NY2d at 141). The People attempt to establish that Parker warnings were given to defendant via a trial scheduling letter that was allegedly sent by the court to defendant. However, since we find that the court failed to indicate by what standard of proof it had determined defendant's guilt, because it seemingly treated the proceeding as an inquest rather than as a trial in absentia, we need not pass on whether this trial scheduling letter—which, in any event, the People failed to establish was received by defendant—qualified as providing sufficient Parker warnings.
Accordingly, the judgments of conviction are reversed, the fines, if paid, are remitted and the matters are remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a new trial.
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019