People v Dilone (2024 NY Slip Op 01162)

People v Dilone

2024 NY Slip Op 01162

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Ind. No. 3230/17, 2209/18, 2468/18, 18048/18 Appeal No. 1784 Case No. 2018-03418 

[*1]The People of the State of New York, Respondent,
v
Cristian Dilone, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Karena Rahall of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Philip Vyse Tisne of counsel), for respondent.

Judgments, Supreme Court, New York County (Erika M. Edwards, J.), rendered September 6, 2018, as amended October 30, 2018, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 1½ to 3 years on each count, unanimously affirmed.
Defendant's failure to appear at the suppression hearing constituted a knowing and intelligent waiver of his right to be present at the hearing (see People v Spotford, 85 NY2d 593, 599 [1995]). The court's failure to expressly mention "suppression hearing" in its Parker warnings (People v Parker, 57 NY2d 136 [1982]) did not render defendant's waiver of the right to be present invalid. The court's statement that defendant had "the right to be present at [his] own trial" was accompanied by admonitions that, if defendant failed to appear, he would be "giving up [his] right to be present and to participate in [his] own defense," "[t]he case would go ahead in [his] absence," and he "could even be sentenced" in absentia. These warnings reasonably conveyed to defendant that he had a right to be present at proceedings in "the case" beyond the trial itself. There is no requirement that a court administering Parker warnings specifically name every trial-related proceeding encompassed by the right to be present.
The People established at the Parker hearing that diligent efforts were made to locate defendant, but without success. Accordingly, the court providently exercised its discretion in proceeding with the suppression hearing and to trial in defendant's absence (see People v Arellano, 291 AD2d 329 [1st Dept 2002], lv denied 98 NY2d 694 [2002]).
Defendant's excessive sentence claim is moot, as he has completed all components of his sentence, including parole supervision (see People v Torres, 209 AD3d 541, 542 [1st Dept 2022], lv denied 40 NY3d 952 [2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024