People v WeBuildTheWall, Inc. (2025 NY Slip Op 25015)

[*1]

People v WeBuildTheWall, Inc.

2025 NY Slip Op 25015

Decided on January 21, 2025

Supreme Court, New York County

Newbauer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 21, 2025
Supreme Court, New York County

The People of the State of New York,

against
WeBuildTheWall, Inc., Defendants.

Ind. No. 73554-22

ADAs Jeff Levinson, Michael Frantel, Manhattan District Attorney's Office 
Gregory Morril, Special District Attorney
(There is currently no attorney for the corporate defendant WBTW Inc.)

April A. Newbauer, J.

The People have moved to try defendant WeBuildTheWall, Inc. ("WBTW") in absentia. WBTW and Stephen Bannon are co-defendants charged with multiple counts of conspiracy, money laundering, and scheme to defraud. This case arises out of a 2018 campaign launched by Brian Kolfage on the crowdfunding website GoFundMe. The campaign aimed to raise one billion dollars in order to provide the federal government with funds to build a wall on the United States's southern border. The People allege that after GoFundMe raised concerns that the government could not legally accept this money, Kolfage established defendant WeBuildTheWall Inc., a 501(c)(4) non-profit organization, with the assistance of defendant Bannon.[FN1]

However, in order to comply with GoFundMe's rules, changing the intended recipient of the funds required those who had already donated to "opt-in" to the new recipient or receive a refund. Kolfage represented publicly to donors that he would not take any of the money donated to WBTW. Privately, WBTW transferred thousands of dollars to Citizens of the American Republic (COAR)—a non-profit organization with Bannon as its President—and several other entities. Eventually, COAR transferred $100,000 and, subsequently, COAR and other entities transferred $20,000 per month of WBTW donation funds to Kolfage. It is the People's contention that this arrangement constituted an illegal conspiracy to defraud donors and compensate Kolfage from WBTW funds. They further contend that the scheme was ongoing, and that while Kolfage and Bannon continued to represent that donations would not go to executive compensation, Kolfage was secretly receiving thousands of dollars.
Kolfage served as the original president of WBTW and one of the original board members, along with Dustin Stockton and Kris Kobach. In 2019, Stockton resigned from [*2]WBTW's board and was replaced by Amanda Shea. In January of 2023, Kobach resigned, and in February of 2023, Shea also resigned. The timing of Kolfage's resignation—and indeed, whether he resigned properly at all—is disputed by the parties.
No board member or other representative of the corporate party has appeared in this case other than its attorney. The question currently before the court is simply whether adequate warnings were given to WBTW pursuant to People v. Parker, 57, NY2d 136 (1982), and if so, whether WBTW has voluntarily waived its right to be present at its joint trial with defendant Bannon.[FN2]

Factual Background
On September 8, 2022, both defendants Steve Bannon and WBTW were arraigned on the indictment before Judge Juan Merchan. WBTW was represented by Justin Weddle, Esq. No principal of WBTW was present. At the arraignment, the People requested that Judge Merchan "Parkerize" both defendants. Sept. 8, 2022 Tr. at 12. Judge Merchan then gave the following instructions:
THE COURT: I have also been asked to Parkerize Mr. Bannon as well as the corporate entity.
Mr. Bannon, this is pretty standard. I give these instructions to most of the individuals who appear before me so I'm not singling you out for any reason.
But, you must be aware that you do have a right to be present at every stage of the proceedings, including, but not limited to, of course the trial. That is an important right. You have a right to be present, to assist your attorney in the defense of you, to participate in the defense that you'll be mounting.
However, there are ways that you could waive that right. It is a privilege, and if you choose, for example, to not appear in court on a particular date, that will force me to conduct what is called a Parker hearing. At that Parker hearing, I'll have to determine whether your absence in court is willful or accidental. And if it is willful, I can then continue the trial and the proceedings in your absence. That would definitely be a detriment to you and your attorneys. It is important that you understand you do have that right, do you understand?
DEFENDANT BANNON: Yes, sir.
The attorney for defendant Bannon asked the court for clarification regarding pretrial appearances and following that, the conversation continued:
THE PEOPLE: Your honor, I would just like it if you can clarify the Parker warnings also apply to the corporate defendant as well.
THE COURT: Yes, of course. I didn't make that clear. Counsel, the warnings do apply to the corporate defendant as well. As you know, if the corporate defendant fails to appear, [*3]the Court does have the authority to enter a plea, a finding of guilty as to the corporate defendant.
WEDDLE: Understood, your honor.
Over the next several months, multiple conferences and appearances took place in which Weddle appeared on behalf of WBTW. For instance, on October 4, 2022, the parties appeared in court to discuss discovery compliance and a motion schedule on the record. Weddle appeared on behalf of WBTW. On November 18, 2022, and January 12, 2023, Weddle again appeared in court representing WBTW.
On February 28, 2023, Weddle moved to withdraw as counsel from WBTW. Weddle stated the following:
As Your Honor knows from some in-camera proceedings that we had and some things that I've said to the prosecutors in open Court, the resources for WeBuildTheWall are essentially non-existent. We were pursuing insurance. The insurance company denied coverage. I don't believe that they did that correctly, but we are not in a position to litigate that with the insurance company. And so at this point there is a significant outstanding bill for our services, and there is no prospect of being paid. In addition, Your Honor, human beings associated with WeBuildTheWall have all resigned or ceased to function as directors or officers of WeBuildTheWall. So, I received, today, a resignation, submission of resignation from the last remaining director and officer of WeBuildTheWall which is effective in a couple of days, and at that point there will be no people that I can communicate with in my representation WeBuildTheWall.
Feb. 28, 2023 Tr. at 8-9.
The court did not immediately grant Weddle's request to withdraw. Instead, Judge Merchan requested additional briefing from the parties. Id. In their briefing, the People requested that Weddle be instructed to communicate Parker warnings to Brian Kolfage, who was, at the time, the sole remaining board member of WBTW. See March 13, 2023 Correspondence. On March 16, 2023, the following exchange between Weddle and the court took place:
THE COURT: As you know, on February 28th Mr. Weddle asked to be relieved as counsel for WeBuildTheWall on the grounds that his client had ceased to exist and now is without resources. As a direct result of that, Mr. Weddle is owed over $100,000 in legal fees. Today's appearance is for the Court to rule on Mr. Weddle's application.
This Court received submissions from both parties on March 13th. According to the People's submission, based on their research and conversations with officials in Florida, WeBuildTheWall is still an active not-for-profit corporation, having renewed its corporate status three months ago, in January. It also still has one director. Indeed, according to the prosecution, Brian Kolfage has never resigned or been properly removed as director. Because the corporation has not been dissolved pursuant to Florida law, it is still an active corporation and because Brian Kolfage has not been properly removed, he remains director of WeBuildTheWall.
Despite there being certain restrictions upon the flow of information between WeBuildTheWall and Brian Kolfage, there is nothing prohibiting Mr. Weddle from informing Mr. Kolfage of relevant information. Therefore, I will once again issue Parker warnings to WeBuildTheWall, and Mr. Weddle is directed to communicate those warnings to Mr. Kolfage as the remaining board member. Mr. Weddle, WeBuildTheWall has a right to be present in court at any proceeding, including, in particular, hearing and [*4]trial. Do you understand?
WEDDLE: I understand that, Your Honor. I'm not sure if WeBuildTheWall does — actually, I withdraw that, Your Honor. I understand that and I think WeBuildTheWall understood it at the time it had directors who had not resigned.
THE COURT: In an excess of caution I'll go through it one more time. However, you should know, by your conduct you can waive, give up, forfeit or lost that right to be present. Do you understand?
WEDDLE: I understand that a defendant can waive, give up, or forfeit its rights to be present, but I'm not sure if the attorney can waive, give up or forfeit their client's right to be present.
THE COURT: Mr. Weddle, you are present on behalf of WeBuildTheWall. I'm not done with my ruling, but you are here, present, on behalf of WeBuildTheWall, and I assume whether you want to say you understand or you don't want to say you understand, that you do understand.
WEDDLE: I understand. It is just not clear to me that an attorney, as an attorney, has the right to forfeit or waive a defendant's right to be present. I do understand that the defendant has a right to be present and that the defendant can forfeit or waive the right to be present, under all of the case law that related to that. So, I don't think I could come in here and say, Your Honor, without consulting the client, or on behalf of WeBuildTheWall, I'm here without consulting the client to waive WeBuildTheWall's presence.
THE COURT: I'm not asking you to waive anything. All I'm doing is giving you the same warning I gave at arraignment, and you understood the warnings then, and you accepted them then. So, at this time I ask you to let me finish the Parker warnings.
WEDDLE: And I was able to consult with my client at that time, and I did so, Your Honor.
THE COURT: Please be advised, if you deliberately fail to appear in Court when required, that any proceedings in your case, including hearing, trial, and if convicted, sentence, can and will continue in your absence. I'm not asking you to waive any rights, but do you understand the warning?
WEDDLE: Again, Your Honor, I'm not trying to make this more difficult than it needs to be, but when Your Honor raises the warning using the pronoun you, my understanding is that you're speaking to WeBuildTheWall and not to Justin Weddle as lawyer for WeBuildTheWall. You are speaking to WeBuildTheWall through me as an agent. So I agree that if it's so understood that the you, the pronoun in Your Honor's warning, refers to WeBuildTheWall, I agree and I understand.
THE COURT: It does. Now once Mr. Weddle communicates the Parker warnings to Mr. Kolfage and makes a representation to this, as an officer of the Court, that you have done so, your application to be relieved will be granted.
March 16, 2023 Tr. at 2-6.
Following this appearance, Weddle sent a communication to the court on April 17, 2023, in which he stated that he sent a letter to Cesar de Castro, Kolfage's lawyer, explaining the ramifications of the Parker warnings and a transcript of the March 16, 2023 proceedings containing those warnings. Weddle noted that, despite many follow up attempts, he never received a response. April 17, 2023 Correspondence. On April 21, 2023, Weddle sent the court [*5]an updated correspondence attaching de Castro's response. In his response, de Castro stated the following,
Brian Kolfage is in receipt of your March 17, 2020, letter, in which you convey the Court's warnings pursuant to People v. Parker, 57 NY2d 136 (1982). In my review of the transcript and in our prior conversations, I understand that it has been communicated to you that Mr. Kolfage is the remaining member of the WeBuildTheWall board. However, it is my understanding that following Mr. Kolfage's federal indictment pending in the Southern district of New York (20 Cr. 412 (AT)), in or about August 2020, Mr. Kolfage orally resigned his position by communicating the same to WeBuildTheWall's general counsel at the time, Kris Kobach and that since August 2020, Mr. Kolfage ceased performing any duties in connection with WeBuildTheWall's operations. Accordingly, in an abundance of caution we confirm in writing that Mr. Kolfage resigned his position as of August 2020.
April 17, 2023 Correspondence.
The dates Mr. De Castro lists above do not correspond accurately with the events he describes. Weddle's letter—described in the first sentence of de Castro's reply—was actually dated March 17, 2023. Kolfage was arraigned in the Southern District of New York on charges stemming from the same fraudulent scheme in August 2020, but according to the People, Kolfage "has never resigned or been properly removed [by the Board]" which would require— according to WBTW's by-laws—an affirmative vote during a meeting of the Board of Directors. Kris Kobach, Amanda Shea, and Brian Kolfage previously comprised the Board of Directors of WBTW until 2023. The People represent that Kobach resigned in January 2023 and Shea resigned in February 2023. WBTW's corporate registration was still active and in good standing as of September 20, 2024.
There have been numerous court appearances, conferences, and correspondence among the parties since April 21, 2023. Neither Kolfage, Attorney de Castro, nor any other representative of WBTW has appeared or contacted the court.
Memorandum of Law
A defendant's right to be present at their own criminal trial is enshrined in both the New York and United States Constitutions. U.S. Const. Amend. VI; NY Const. Art. I, § 6. In People v. Parker, 57 NY2d 136, 141 (1982), the court established that a defendant in a criminal case must be warned "of the nature of the right to be present at trial and the consequences of failing to appear for trial" before the court can find that a defendant has voluntarily waived his or her right to be present and try them in absentia. Although there is relatively little case law on this issue, what authority there is dictates that a corporation has similar rights to be present at its trial as a person, and Parker warnings must be given before a corporate defendant can be tried in absentia. See People v. CMWV, LLC, 119 N.Y.S.3d 692 (2nd Dept. 2020) (finding with regard to corporate defendant, "[w]hile defendant could have been tried in absentia if it had been provided with Parker warnings, there is nothing in the record indicating that it had been so informed and, in any event, no trial was conducted in this case"). At the same time, New York law provides that "[a]t all stages of a criminal action, from the commencement thereof through sentence, a corporate defendant must appear by counsel." McKinney's Cons. Laws § 600.20.
Unlike the trial court in People v. CMWV, LLC, the court here gave Parker warnings to WBTW twice. The court first gave complete and appropriate warnings to WBTW on September 8, 2022, when WBTW was arraigned. At the People's direction, the court stated, "I have also [*6]been asked to Parkerize Mr. Bannon as well as the corporate entity." Sept. 8, 2022 Tr. at 12 (emphasis added). After the court had given the defendants Parker warnings, the People asked to clarify if the warnings "also apply to the corporate defendant as well." Id. The court explained that they did equally apply, as is quoted above. Id. Although providing Parker warnings to WBTW's counsel would have been sufficient,[FN3]
the court also elicited from Weddle on March 13, 2023, that he was able to consult with his client and did so. March 16, 2023 Tr. at 4.
It was only in an abundance of caution that on March 13, 2023, the court gave Parker warnings a second time to Weddle and instructed him to relay them to his client. Weddle stated on the record that while he personally understood the Parker warnings, it was possible WBTW did not, since a representative from the corporation was not present in court. In response, the court instructed Weddle to communicate the Parker warnings to the remaining board member of WBTW, Brian Kolfage. Weddle did so by email letter to Kolfage's attorney, who eventually responded to Weddle via e-mail, stating that Kolfage had "orally resigned" his position in August 2020.
At the conference on November 12, 2024, the People argued that they could continue to prosecute WBTW because Kolfage's resignation was invalid since it was not done in accordance with WBTW's own by-laws. Moreover, Weddle represented to the court at the time the warnings were given in September 2022 that he was still able to communicate with and advise his client, WBTW.
Generally trial courts have been reversed when they summarily conclude that defendants should be tried in absentia if Parker warnings were provided, instead of performing a more complete analysis of the defendant's current availability and awareness of the proceedings. See, e.g., People v. June, 116 AD3d at 1095 (3d Dept. 2014); People v. Atkins, 116 AD3d 1094 (3rd Dept. 2014). In People v. June, the Third Department criticized the trial court's decision to move forward with trial in absentia even though the defendant had received Parker warnings. Quoting People v. Parker, 57 NY2d 136 (1982), the court said,
[I]t must also appear from the record that the trial court considered "all appropriate factors" before proceeding in defendant's absence, "including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling [the] trial and the chance that evidence will be lost or witnesses will disappear." As the Court of Appeals has instructed, "[i]n most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial in absentia unless, of course, the prosecution can demonstrate that such a course of action would be totally futile." Here, the record fails to demonstrate that Supreme Court considered any of the appropriate factors.
In the present matter, however, multiple inquiries have been made, the People have been diligent in reviewing the latest filings on the Florida corporate webpage and at this juncture, rescheduling the trial would not make it more likely that defendant WBTW would appear. The defendants were first arraigned more than two years ago. In the more than twenty months that have passed since attorney Weddle withdrew from representation, WBTW has not made any effort to appear [*7]in court or contact the court to explain its nonappearance, despite multiple warnings. WBTW cannot avoid being tried for indicted offenses in this manner.
The court finds that the Parker warnings given to WBTW were sufficient since WBTW appeared through Weddle and Weddle was instructed on the warning.[FN4]
As the People stated in their March 13, 2023 letter to the court, "[t]o permit a corporation to avoid criminal charges by having all its directors resign and then refusing to pay counsel, only to retain the ability to later hire new directors and resume operations once the charges are dismissed, is not in the interest of justice."
The People's motion to proceed to trial against WBTW is granted. WBTW will be tried in absentia. This is the decision and order of the court.
Dated: January 21, 2025
New York, New York
E N T E R
April A. Newbauer
Acting Supreme Court Justice

Footnotes

Footnote 1:The People's allegations are described in detail in their memorandum of law in opposition to the defendant's omnibus motion.

Footnote 2:In a prior motion, defendant Bannon moved to sever the charges against him from the charges against WBTW. The People opposed severance. The court discussed this issue with the parties on the record during the November 12, 2025 conference and the People stated they did not intend to introduce at trial additional evidence against defendant WBTW that they were not already planning to introduce against defendant Bannon. Therefore, the court found that defendant Bannon would not be at all prejudiced by a joint trial, and the motion to sever the charges was denied. See CPL § 200.40(1)(c).

Footnote 3:See C.P.L. § 600.20

Footnote 4:This ruling is in keeping with the holdings of appellate courts in other states, including those in New Jersey and California, which held that corporations must appear via their counsel and be given warnings equivalent to New York's Parker warnings before trial can proceed in their absence. See State v. Ehrman, 469 N.J. Super. 1, 261 A.3d 351 (2021) ("[W]hile the municipal court was justified in entering a plea of not guilty when the LLC failed to make an appearance by counsel in response to the complaint-summons . . . both the municipal and trial courts erred in conducting a trial in the LLC's absence without inquiring on the record to ascertain whether there was a knowing and voluntary waiver"); Vann v. Shilleh, 54 Cal. App. 3d 192 (1975) ("A corporation cannot represent itself in court, either in propria persona or through an officer or agent who is not an attorney").