People v Baez (2025 NY Slip Op 00726)

People v Baez

2025 NY Slip Op 00726

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Ind No. 2257/16 Appeal No. 3628 Case No. 2020-00235 

[*1]The People of the State of New York, Respondent,
v
Anthony Baez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered October 15, 2019, convicting defendant, following a jury trial, of arson in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
Defendant explicitly waived his right to be present at trial (see People v Parker, 57 NY2d 136, 140-141 [1982]; People v Epps, 37 NY2d 343, 349-350 [1975], cert denied 423 US 999 [1975]) when he was unable to attend the proceedings on one afternoon due to illness. A valid explicit waiver of the right to be present "occurs when a defendant either personally or through his counsel makes an affirmative statement on the record to the effect that he is waiving [his] right to be present" (People v Girard, 211 AD3d 148, 153 [1st Dept. 2022]), which defendant did on the date in question.
The evidence that defendant was the person who set fire to his ex-girlfriend's apartment door was legally sufficient, and overwhelming, and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; see also People v Baque, __NY3d__, 2024 NY Slip Op 05244 [2024]).
We perceive no basis for reducing defendant's sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025