People v Wahlers (2020 NY Slip Op 50739(U))

[*1]

People v Wahlers (Richard)

2020 NY Slip Op 50739(U) [67 Misc 3d 142(A)]

Decided on June 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2017-1733 OR CR

The People of the State of New
York, Respondent, 
against
Richard Wahlers, Appellant. 

Law Offices of Richard L. Herzfeld, P.C. (Richard L. Herzfeld of counsel), for appellant.
Orange County District Attorney (William C. Ghee of counsel), for respondent.

Appeal from judgments of conviction of the City Court of Port Jervis, Orange
County (Matthew D. Witherow, J.), rendered September 6, 2017. The judgments
convicted defendant, upon jury verdicts, of attempted criminal sexual act in the third
degree, unlawfully dealing with a child in the first degree and endangering the welfare of
a child, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in separate accusatory instruments with attempted criminal
sexual act in the third degree (Penal Law §§ 110.00, 130.40 [2]), unlawfully
dealing with a child in the first degree (Penal Law § 260.20 [2]) and endangering
the welfare of a child (Penal Law § 260.10 [1]), respectively. After a jury trial,
defendant was found guilty of the charges.
Viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620 [1983]), we find, contrary to defendant's contention, that it
was legally sufficient to establish defendant's guilt of attempted criminal sexual act in the
third degree, beyond a reasonable doubt. The proof at trial consisted of the police
officer's testimony that defendant had driven the male victim, who was under 17 years
old, to a secluded parking lot, defendant's statement to the police that he had purchased
alcoholic beverage for the victim, the cans of which were found in defendant's vehicle,
and defendant's acknowledgment to the police he and the victim had kissed and "messed
around," and that he "would have given [the victim] oral sex if [the victim] were up for
that."
We find defendant's remaining contentions, that his requests to substitute assigned
[*2]counsel should have been granted and that the
offense of endangering the welfare of a child is an inclusory concurrent count of both
attempted criminal sexual act in the third degree and unlawfully dealing with a child in
the first degree, to be without merit.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020