People v Bautista (2020 NY Slip Op 50740(U))

[*1]

People v Bautista (Jose)

2020 NY Slip Op 50740(U) [67 Misc 3d 142(A)]

Decided on June 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2017-2228 S CR

The People of the State of New
York, Respondent, 
against
Jose Bautista, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of conviction of the District Court of Suffolk County,
Suffolk County Traffic and Parking Violations Agency (Martin J. Kerins, J.H.O.),
rendered October 10, 2017. The judgment convicted defendant, after an "inquest," of
operating an unregistered motor vehicle, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the fine, if paid,
is remitted, and the matter is remitted to the District Court of Suffolk County, Suffolk
County Traffic and Parking Violations Agency, for all further proceedings.
Defendant was charged in separate simplified traffic informations with operating a
motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]) and operating
an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), respectively.
Subsequently, defense counsel appeared in court and pleaded not guilty on behalf of
defendant. Prior to the scheduled trial date, defense counsel filed an affirmation of actual
engagement and, over the prosecutor's objection, the court adjourned the trial. On the
next trial date, defense counsel filed a second affirmation of actual engagement and
defendant did not appear in court. After dismissing the Vehicle and Traffic Law §
319 (1) charge, upon the prosecutor's request for a "default" as to the Vehicle and Traffic
Law § 401 (1) (a) charge, the court conducted what it described as an "inquest," at
which the police officer who had issued the citations to defendant testified. Following
the "inquest," the court indicated that, pursuant the rules of the Suffolk County Traffic
and Parking Violations Agency, a failure of a defendant to appear will result in a "default
conviction," and that since there was no "answer" or "appearance" from defendant, it had
entered "a default judgment of conviction" pertaining to the Vehicle and Traffic Law
§ 401 (1) (a) charge [*2]and imposed sentence.
However, the court did not indicate by what standard of proof it had determined
defendant's guilt, i.e., whether beyond a reasonable doubt or the standard applied at
inquests taken upon a default in a civil action; rather, the court merely stated that it had
assessed an appropriate fine for the violation.
Vehicle and Traffic Law § 1806-a (1) permits a court to "enter a plea of guilty
on behalf of the defendant and render a default judgment of a fine," which judgment is
considered to be civil in nature, when a person charged with a traffic infraction does not
answer the summons within the time specified. More specifically, Vehicle and Traffic
Law § 1806-a (1), entitled "Default judgment in cases of failure to answer,"
provides:
"In the event a person charged with a traffic infraction does not answer
within the time specified, the court having jurisdiction, other than a court in a city over
one million population may, in addition to any other action authorized by law, enter a
plea of guilty on behalf of the defendant and render a default judgment of a fine
determined by the court within the amount authorized by law. Any judgment entered
pursuant to default shall be civil in nature, but shall be treated as a conviction for the
purposes of this section. However, at least thirty days after the expiration of the original
date prescribed for entering a plea and before a plea of guilty and a default judgment may
be rendered, the traffic violations bureau or, if there be none, the clerk of the court, shall
notify the defendant by certified mail: (a) of the violation charged; (b) of the impending
plea of guilty and default judgment; (c) that such judgment will be filed with the county
clerk of the county in which the operator or registrant is located, and (d) that a default or
plea of guilty may be avoided by entering a plea or making an appearance within thirty
days of the sending of such notice. Pleas entered within that period shall be in a manner
prescribed in the notice. In no case shall a default judgment and plea of guilty be
rendered more than two years after the expiration of the time prescribed for originally
entering a plea. When a person has entered a plea of not guilty and has demanded a
hearing, no fine or penalty shall be imposed for any reason, prior to the holding of the
hearing which shall be scheduled by the court of such city, village or town within thirty
days of such demand."
However, Vehicle and Traffic Law §
1806-a (1) does not authorize the entry of a default judgment against defendant here
since he answered the summonses and, thereafter, through his counsel, pleaded not guilty
in court (see People v Cole,
63 Misc 3d 149[A], 2019 NY Slip Op 50729[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2019]; People v
Hernandez, 62 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists
2018]). We note that, pursuant to Vehicle and Traffic Law § 1806-a (1), had the
entry of a default judgment been authorized, the court should have merely entered a
guilty plea on defendant's behalf. Instead, the court held an "inquest" in defendant's
absence, without any basis therefor. Rather, assuming that its denial of defense counsel's
request for an adjournment had not been an improvident exercise of discretion, the court
could have conducted a trial in absentia, but only if defendant had first been given the
warnings called for in the case of People v Parker (57 NY2d 136 [1982]), and
there had otherwise been compliance with the requirements of that case (see
Cole, 63 Misc 3d 149[A], 2019 NY Slip Op 50729[U]). However, nowhere in the
record is there an indication that a trial in absentia had been conducted.
The People nevertheless argue that a trial in absentia had in fact been conducted
here, notwithstanding the court's description of the proceeding as an "inquest," with its
much lower burden of proof. The People attempt to establish that Parker
warnings were given to defendant via trial scheduling letters that were allegedly sent by
the court to defendant. However, since we find that the court failed to indicate by what
standard of proof it had determined defendant's guilt, because it seemingly treated the
proceeding as an inquest rather than as a trial in absentia, we need not pass on whether
these trial scheduling letters—which, in any event, the People failed to establish
were received by defendant—qualified as providing sufficient Parker
warnings.
In view of the foregoing, we need not reach the propriety of the court's denial of
defense counsel's adjournment request.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the
District Court of Suffolk County, Suffolk County Traffic and Parking Violations
Agency, for all further proceedings.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020